### KAIN v. POSTLEY.

Where an instrument is executed by an agent as a party, it is not void, but is binding on the principal, if it clearly appears, from the instrument itself, that he was acting only as agent.

A power of attorney by a minor is not voidable only, as other acts of such minor, but is absolutely void.

DEMURRER. The defendants, in their answer, set up a claim to the avails of a note which was the subject-matter of this suit, by virtue of an agreement signed by one Britton, as attorney for Amelia Postley, one of the defendants. The agreement was "between A. Oakey Hall, as attorney in fact for Mrs. A. A. Kain, party of the first part, and J. Blodget Britton, attorney in fact for Mrs. Amelia A. Postley, the wife of Washington M. Postley, party of the second part," and was signed, "A. Oakey Hall, party of the first part; J. Blodget Britton, for Mrs. A. A. Postley." The answer was demurred to, and two causes of demurrer were assigned —

1. That the agreement was executed, as to the plaintiff, by a third person, her alleged attorney in fact, who signed it as a party; and —

2. That Mrs. Postley executed it by an attorney, when it appeared from her answer that she was then, and is yet, a minor.

*A. O. Hall*, for plaintiff, cited Paley on Agency, 153; 2 Kent, 631; 10 Wend. 87; 23 id. 435; 22 id. 324; Bingham on Infancy, ch. 2; 9 Cowen, 628; 15 Wend. 635; 17 id. 131.

*Bell & Coe, contra.*

Kain v. Postley.

*Edmonds, J.:* There is nothing in the first point. For the rule, that an instrument executed by an attorney is valid only when executed in the name of the principal, applies only to those cases where the instrument is to be a formal one, under seal, where the principal is both in form and substance the party, and where it is necessary to be his deed in order to pass the title or bind him as covenantor. Where it is not necessary that the instrument should be in writing to give it validity, as where an agent does an act *in pais*, though in his own name, or makes a commercial, or other contract, not under seal, without subscribing the name of his principal, the principal may be bound, especially if it appear in any part of the instrument that it was intended to be executed by him merely as an agent, and in that character only. (*Evans* v. *Wells*, 22 Wend. 335; *Townsend* v. *Corning*, 23 id. 440.)

The agreement involved in this suit would have been valid though not reduced to writing, and, throughout, the parties to it described themselves as agents, and contracted solely in that character. The manner of its execution does not therefore render it invalid.

The other objection, however, is more formidable. Mrs. Postley had no power to appoint an attorney, and her appointment was absolutely void, not voidable merely. She was not bound by the agreement, and all consideration for the plaintiff's entering into it failed. So that the whole agreement must necessarily be held to be invalid. This does not arise from the fact that the instrument was, on one part, the contract of an infant, for that would be voidable, only, and could not be avoided, even by the infant during minority, much less by the other party; but it arises from the fact that she acted, if at all, only by her attorney, and her appointment of such was absolutely void. This is an exception to the general rule as to the acts of an infant, and does not, as I can perceive, rest on a very good foundation; but it is too well settled to be disregarded. (*Bool* v. *Mix*, 17 Wend. 131; *Fonda* v. *Van Horne*, 15 id. 635; *Stafford* v. *Roof*, 9 Cow. 628.)

There must therefore be judgment for plaintiff on the demurrer, with leave to amend on payment of costs.